# CHARLESTON.

## PRATTE *v.* ENSLOW *et al.*

### Submitted January 20, 1899—Decided April 22, 1899.

GUARANTY—*Construction—Liability of Parties.*

P. purchased from G. B. and P. C. B. sixty-six shares of stock in an ice and storage company for seven thousand five hundred dollars, of which he paid six thousand dollars cash, and made his non-negotiable note for one thousand five hundred doldred dollars to G. B., with interest at twelve months, with right of renewal at maturity for 12 months. At the same time G. B. and P. C. B. gave P. the following written warranty: "We, the undersigned P. C. Buffington and Garland Buffington, of Huntington, West Va., in consideration of the sale made this day of sixty-six (66) shares of the stock of the Huntington Ice and Storage Co. to Bernard Pratte, of Huntington, West Va., for the sum of seventy-five hundred dollars ($7,500), do hereby guarantee an annual net dividend of (20) twenty per cent. on said $7,500 to the said Pratte for the term of two years from the date hereof. But this guaranty is subject to the following conditions: First, that this said factory shall be operated in a skillful, businesslike manner; and, second, that this said guaranty is not to take effect in case this said factory is not run, whether from accident or otherwise. And the said guarantors are not to be held responsible for any delay or loss occasioned by breakage on account of any negligence or mismanagement of the said factory." G. B. assigned the one thousand five hundred dollar note to P. C. B., who assigned the same to F. B. E., for the benefit of the creditors of P. C. B. F. B. E. brought an action of *assumpsit* on said note against the maker, P., who enjoined the action, setting up failure of the guaranty. In the adjudication of the matters in the chancery cause, *held*, that indebtedness of the company existing at the time of the sale of the stock for running expenses prior to that time, which had to be paid from subsequent earn-

ings, was properly chargeable as expenses. So the difference in the price paid for teams to be used in the line of their business, and the amount received for same when sold, within the two years of the guaranty, being a loss, was properly chargeable as loss, and no part of any of such items could be considered, to affect the guaranty. (p. 526.)

Appeal from Circuit Court, Cabell County.

Bill by Bernard Pratte against F. B. Enslow and others. Decree for defendants and plaintiff appeals.

*Modified and Affirmed.*

CAMPBELL, HOLT & CAMPBELL, for appellant.

SIMMS & ENSLOW, for appellees.

MCWHORTER, JUDGE:

Bernard Pratte purchased from P. C. Buffington and Garland Buffington sixty-six shares of the stock of the Huntington Ice & Storage Company for the sum of seven thousand five hundred dollars, on account of which he paid in cash six thousand dollars, and made the following note for the residue:

"$1,500.00. Huntington, W. Va., July 26, 1893. Twelve months after date I promise to pay to Garland Buffington the sum of fifteen hundred dollars, with interest at the rate of six per cent. per annum,—value received,—with the privilege of paying this note at any time prior to maturity, and with the right of renewal at maturity for twelve months. Bernard Pratte.

"Deferred payment on ice-factory stock."

At the same time P. C. Buffington and Garland Buffington made and delivered to said Pratte the following guaranty:

"We, the undersigned, P. C. Buffington and Garland Buffington, of Huntington, West Va., in consideration of the sale made this day of sixty-six (66) shares of the stock of the Huntington Ice and Storage Co. to Bernard Pratte, of Huntington, West Va., for the sum of seventy-five hundred dollars ($7,500), do hereby guaranty an annual net dividend of (20) twenty per cent. on said $7,500 to the said Pratte, for the term of two years from date hereof. But this guaranty is subject to the following conditions: First, that this said factory shall be operated in a skillful, businesslike manner; and, second, that this said guaranty is not

to take effect in case this said factory is not run, whether from accident or otherwise. And the said guarantors are not to be held responsible for any delay or loss occasioned by breakage on account of any negligence or mismanagement of the said factory."

Garland afterwards assigned said one thousand five hundred dollar note to said P. C. Buffington, who in turn assigned the same to F. B. Enslow, who brought an action at law in the circuit court of Cabell County against said Pratte upon said note. On the 9th day of July, 1897, Pratte filed in said court his bill in chancery against said Enslow, P. C. Buffington, and Garland Buffington, alleging the purchase of said sixty-six shares of stock, the payment of the six thousand dollars, and giving the note for the one thousand five hundred dollars, and the making of the said guaranty by the said Buffingtons to said Pratte as a part of the contract of the purchase of said stock; that said stock was assigned and delivered to plaintiff, and afterwards transferred on the books of said company; that the factory of said ice and storage company was continuously operated in a skillful and businesslike manner for the two years immediately succeeding the 26th day of July, 1893, and said company did not for either of said years earn, declare, or pay a dividend on the said sixty-six shares of stock equal to twenty per cent. for each year on the said sum of seven thousand five hundred dollars, as guaranteed and promised by the said Buffingtons; that, instead of said sixty-six shares earning and paying a net annual dividend of one thousand five hundred dollars, they only earned for the year ending July 26, 1894, eight hundred and twenty-five dollars and five cents, and for the second year, ending July 26, 1895, the sum of five hundred and thirty-six dollars and seventy-two cents. And he made a statement of the accounts between plaintiff and said Buffingtons pursuant to and in accordance with said contract of guaranty, in which he claimed, according to said statement, that there was due him the sum of two hundred and ninety dollars and nine cents, alleging that there was nothing due on said note, either principal or interest, but, on the contrary, there was due from the Buffingtons on their said guaranty to plaintiff, over and above said note, including interest to 14th of February, 1896, the said sum of two hundred and ninety

dollars and nine cents; that several attempts were made by plaintiff to settle and adjust the matters growing out of said contract with the Buffingtons, but without success; that on the 13th of February, 1896, by an agreement in writing signed by the plaintiff and said Buffingtons, the matters and rights growing out of the sale and purchase of said stock and the note and contract of guaranty were submitted to the award of W. H. Lyons, C. W. Campbell, and F. B. Enslow, the defendant, who, after hearing the parties and the evidence produced by them, respectively, failed to agree upon a unanimous award. The said Enslow was of opinion that there was due and unpaid on said one thousand five hundred dollar note the sum of four hundred and seventy-eight dollars and eighty-four cents, as of date 13th of February, 1896, and the said Lyons and Campbell were of opinion, and so found that there was due from the said Buffingtons on the contract of guaranty, after crediting said note of one thousand five hundred dollars, the sum of one hundred and seventy-six dollars and sixty-five cents, as of the 14th of February, 1896. Plaintiff brought this action in the circuit court of Cabell County on said award of Lyons & Campbell against the Buffingtons to recover the said sum of one hundred and seventy-six dollars and sixty-five cents, but by the judgment and consideration of the court, that, inasmuch as the agreement to submit to arbitration failed to provide that the award of any two of the arbitrators should be binding, the award was invalid, because not concurred in by said F. B. Enslow. Plaintiff further alleged that since the 26th day of July, 1893, said Garland and P. C. Buffington had been utterly insolvent, and wholly unable to pay their respective debts; that said defendants claim that Garland had assigned and transferred said note to P. C. Buffington, and that P. C. Buffington assigned and transferred it to defendant F. B. Enslow, and plaintiff alleged that the assignment to Enslow was wholly voluntary, and without consideration deemed valuable in law, and that Enslow took it with full knowledge of all the facts alleged; that said Enslow on the 20th of May, 1897, instituted an action of assumpsit on said note in said circuit court against plaintiff, which was still pending and undetermined. And he prayed that he be perpetually enjoined from the further prosecution of said action;

that the amount due plaintiff on said guaranty be ascer-
tained, and set off against the amount due on said note of
one thousand, five hundred dollars; and that plaintiff might
have a decree over against said Buffingtons, after deduct-
ing the amount of said note; and for general relief,—which
bill was sworn to. The court filed the bill, and took time
to consider the motion for an injunction thereon. On the
19th of July, 1897, the defendants appeared and resisted
the motion, when the court granted a temporary injunction
as prayed for until the further order of the court, upon
plaintiff giving bond in the sum of $1,000. Defendants
then moved to dissolve the injunction on the ground that it
was improperly awarded, which motion was overruled. The
defendants tendered their demurrer, which was set for ar-
gument, and, being argued, was overruled. Defendants
then tendered and filed their joint and several answer, to
which plaintiff replied generally; and the cause was re-
ferred to Commissioner D. E. Mathews, to take, state, and
report: "(1) What sum, if any the said F. B. Enslow, as-
signee of P. C. Buffington, who is assignee of Garland Buf-
fington, is entitled to recover upon the said note and con-
tract set out with the answer of the defendants. (2) To
make and report to this court a full settlement of the ac-
counts between the said Bernard Pratte and Garland Buf-
fington, P. C. Buffington and F. B. Enslow, their assignee,
and to report whether the defendants, P. C. Buffington and
Garland Buffington are indebted to the plaintiff in any sum
on account of the guaranty made as to the earnings of
the ice factory, set out in the plaintiff's bill. (3) Any oth-
er matters either of the parties may request or the com-
missioner deem pertinent."

Defendant's answer admits the sale of the stock to the
plaintiff, the execution of the note and guaranty; denies
that the factory was continuously operated in a business-
like and skillful manner since the 26th day of July, 1893,
and as to the allegation that the company did not earn,
declare, and pay a dividend of twenty per cent for each year
on the seven thousand five hundred dollars, as guaranteed,
respondents say that matter is alone within the knowledge
of the plaintiff and the company, and call for strict proof
of what was made, earned, and what dividend declared;
that, if the business had been operated in a skillful and

businesslike manner, it would have earned a sum equal to the guaranty; that, for a considerable portion of the time while so operated, it did earn a sum equal to twenty per cent. per annum; denies that the account set out in plaintiff's bill is a true and correct statement of the account between plaintiffs and defendants, and calls for the production of the books and proof of the various charges, . and denies that there is nothing due on the note and contract, and claims that the full amount of the principal and interest of said note is due, and that Enslow, as assignee, is entitled to recover the same by virtue of the assignment thereof; admits various attempts to settle, and the contract to submit to arbitration, but says there was no unanimous award, and the said arbitration was declared by the circuit court void and of no effect; that the said note was assigned to Enslow for the purpose of paying the debts of P. C. Buffington, and that Enslow holds the same for that purpose; and admits that Enslow took the note with full knowledge of all the facts, and that he has no further rights in the premises than the Buffingtons had; alleges that a large amount of the earnings were diverted and used by the members of the corporation and the directors thereof, and instead of being taken, reported, and treated and divided as earnings, they were used in building additions to the plant, in paying street paving assessments, and in putting betterments upon said property, and were not taken in consideration upon the settlement; that, if the said earnings had all been properly accounted for, there would have been no shortage; that a large sum of money, namely, one thousand two hundred and fifty dollars, was paid to Snider Bros. for certain property, three hundred and forty-six dollars and eleven cents was paid to Handley, and three hundred dollars to N. C. Petit, for property used about said plant, that was not taken into consideration as earnings, but was treated as expenses; that the expense account was padded, and made to show items that should have been paid and charged to property account or betterment account, and not to expense; that a large amount of earnings prior to the date of the note given in the stock were not taken into consideration; that at the time of the sale of the stock there was about fifteen per cent of undivided profits or earnings which should have been taken into con-

sideration as part of the earnings of the two years following the date of said note and contract and guaranty, and that, if the said fifteen per cent. had been taken into consideration, the stock would, under the adverse circumstances under which it was handled, have earned twenty per cent., and full amount of the note have been due to defendants; that plaintiff, Pratte, was a member of the board of directors; that N. C. Petit and Handley were also members; that Petit was paid the amount paid to him for certain property that was turned over to Pratte; that said Handley was also paid the said sum of three hundred and forty-six dollars and eleven cents for property, and the same turned over to Pratte; and that the property bought of Snider Bros. was also turned over to Pratte, who obtained the benefit of the same. It further alleges that, in the statement of the account rendered, all the betterment account and property account was charged to expenses, and when they estimated the earnings of the company they did not take into consideration any of said betterment account, but deducted the entire expense from the entire gross earnings, and by that means obtained what they allege to be a statement of the net earnings of the company, whereas defendants allege that a large amount of said expense account was used in the payment of old prior expenses and indebtedness of the company, and was not, and could not have been, taken into consideration in estimating the earnings of the company; that, if the undivided profits belonging to the stock on the day the same was sold had been taken into consideration, they would have much more than paid all the old debts, and left a considerable per cent to be divided and declared as a dividend on the said stock. The answer calls upon plaintiff, Pratte, who, it alleges, kept the books of the company, and was a member of the board of directors, to produce a complete, itemized account, showing the workings of the company for the two years succeeding the sale of the stock, that a complete statement of the matters in difference between the said parties may be made, and the true balance ascertained and adjusted, and a decree rendered for the party entitled to the same, the injunction dissolved, and that all such further general relief may be granted them as to equity may seem fit, and the case require, which answer was sworn to.

The parties took various depositions before the commissioner, who made and filed his report, ascertaining a balance due to Bernard Pratte on December 6, 1897, of one hundred and seventy-three dollars and eighteen cents. The defendants made four several exceptions to said report: (1) Because the report is contrary to the law and evidence; (2) because the commissioner charges as expense all betterments put on the property, and does not allow anything on account of the improved value of the property for new buildings, or for paving paid for and charged to the expense account; (3) because the commissioner allows as expense the sum paid for personal property, and does not allow any credit for it when sold to Pratte; (4) because the commissioner does not report that the plaintiff, Pratte, is indebted to the defendant Enslow, amounting in the sum of eight hundred thirty-three dollars and forty-five cents.

The cause was finally heard on the 1st day of January, 1898, upon the bill and exhibits, the answer of defendants, the report of the commissioner, and exceptions of defendants thereto, and the depositions taken before the commissioner and filed in the cause, when the court was of opinion that the exceptions should be sustained in part, and the report in part, and that, upon the true state of accounts between the parties, there is due from Bernard Pratte to F. B. Enslow, assignee, upon the said note, the sum of four hundred and sixty-three dollars and forty-four cents, after allowing all credits and offsets to which Pratte is entitled, and on account of the contract of guaranty, and decreed that Pratte pay said sum of four hundred and sixty-three dollars and forty-four cents, with interest from date of decree, and costs of the suit, in full payment, settlement, and satisfaction of all claims arising out of the transaction set out in the cause, and in full settlement of the note sued on by plaintiff, Enslow, at law, set up in this suit; and it was further decreed that said lawsuit brought by Enslow, assignee, against Pratte, having been settled by said decree, and the rights of the parties therein adjudicated, the same be dismissed at the costs of defendant, Pratte, and awarded execution on said decree. From which decree plaintiff, Pratte, appealed to this Court, assigning as error the sustaining of the exceptions to the commissioner's

report, and in not confirming the same, and entering a decree in favor of plaintiff against the defendants Garland Buffington and P. C. Buffington for one hundred and seventy-three dollars and eighteen cents, the amount ascertained to be due by said commissioner, and a further error in decreeing that petitioner pay F. B. Enslow, assignee, the sum of four hundred and sixty-three dollars and forty-four cents.

It is contended by appellant that the court, on the idea that "dividend" is synonymous with "profit," and under an erroneous notion as to how the account should be stated, sustained the exceptions in part, and entered the decree complained of. It is true, the guaranty is for "an annual dividend of 20 per cent. on said $7,500 to said Pratte for two years from the date thereof"; but, under the evidence, it matters not what the payments made to Pratte are called,—whether "dividends" or "profits,"—as it is clearly shown that the dividends paid left no surplus profits in the treasury. All the profits were divided at the time of making the several dividends. I have been unable to find how the court arrived at the amount of four hundred and sixty-three dollars and forty-four cents. Taking the commissioner's report as a basis, where he finds in favor of Pratte the sum of one hundred and seventy-three dollars and eighteen cents, and the contention of defendants, as stated in commissioner's report, that they should have credit with the item of one thousand three hundred and sixty-eight dollars and ninety-four cents on the credit side of profit and loss account at the time of the sale of the stock to Pratte, and that there should be deducted from the expense account the sum of nine hundred and sixty-one dollars and sixty-seven cents, which is an aggregation of several items of expense incurred before the selling of said stock, also, the sum of one thousand eight hundred and forty-six dollars and eleven cents, which sum was incurred the second year, and which, if all were allowed as contended by defendants, would make the said Pratte indebted to them in the sum of eight hundred and thirty-three dollars and forty-five cents. It seems to be conceded that Pratte's stock, of seven thousand five hundred dollars, represents eleven-fortieths of the whole of the company. Should these several items, or any of them, contended for by the defendants,

having been allowed as credits to the Buffingtons in the said proportion? The item of one thousand three hundred and sixty-eight dollars and ninety-four cents defendants claim consisted of profits on hand at the time of the purchase of the stock by Pratte. It appears in the evidence that, while such an item was carried on the books of the company at the time, there was nothing to show for it. Pratte, who kept the books after he went into the company, says positively that there was "no money or stock; nothing to show for it." · Pratte says further that when he bought into the company there was due the factory in the neighborhood of one thousand four hundred and eighty dollars and fifty-four cents that was not earnings, because there was indebtedness against that. The item claimed by the defendants that should have been credited to them, of nine hundred and sixty-one dollars and sixty-seven cents, was made up of a "note in bank owed by the company, due July 26. 1893, for $300; note paid for coal, $142; paid for coal, $117; checks due before July, 1893, $118; building and office, $9; paving, $41.47; paving, $233.22,"—which were paid from the money received from sales of ice after Pratte went in. Defendants could not claim credit for items of that character owing by the company at the time they sold the stock, whether for repairs, betterments, or running expenses. Their guaranty was for dividends, and, if the profits were taken up in the payment of debts and old expenses, the net profits from which the dividends could be paid would be reduced to that extent. Now, as to the item of one thousand eight hundred and forty-six dollars and eleven cents: This was for wagons, teams, and good will of business purchased by the company, in its line, in the beginning of the ice season of the second year after the purchase of the stock. The teams and wagons were sold for seven hundred dollars,—a heavy loss. This seven hundred dollars should have been credited back, but was entered as a credit of seventy dollars, instead of seven hundred dollars, so that eleven-fortieths of the residue of six hundred and thirty dollars should be an offset to the amount found due Pratte by the commissioner. The difference between the price paid for the teams and business and the price at which they were sold was that much loss to the company, and would have to be charged to the ac-

count of profit and loss, and to that extent reduce the net profits or earnings which could be distributed as dividends. There is no proof of any permanent improvement or betterments after the sale of the stock to Pratte during the two years. What proof there is on the question is to the effect that there were none. There is evidence of the expenditure of a few small items for the repair of machinery and wagons, which were properly chargeable as expenses, or to profit and loss account. It is contended by appellees that, if the factory had been operated in a skillful and businesslike manner, it would have earned all of twenty per cent. on said stock, according to the guaranty; and, the conditions of the guaranty being that it should be so operated, and that the guaranty was to be of no effect in case the said factory should not be run, whether from accident or otherwise, the guarantors should not be held responsible for any delay or loss occasioned by breakage on account of negligence or mismanagement of the factory. The evidence is that the factory was operated in a skillful and businesslike manner, as well managed and economically during those two years as in any other years, and there is no evidence that there was any loss or delay occasioned by breakage on account of negligence or mismanagement of the factory. It is shown by the testimony of Pratte that his salary for the first year, of three hundred and sixty dollars, was charged with the pay roll, and also independently. So that the defendants should have credit for eleven-fortieths of that amount, which amounts to ninety-nine dollars, which added to one hundred and seventy-three dollars and twenty-five cents, being the eleven-fortieths of six hundred and thirty dollars, which was failed to be credited back on account of the teams which were sold for seven hundred dollars, and by mistake only seventy dollars credited, makes the sum of two hundred and seventy-two dollars and twenty-five cents, which, reduced by the sum of one hundred and seventy-three dollars and eighteen cents found by the commissioner in favor of Pratte, leaves ninety-nine dollars and seven cents, for which sum the said F. B. Enslow should have had his decree. The decree complained of will be corrected and amended accordingly, and as amended affirmed, with costs to the appellant, as the party substantially prevailing.

*Modified and affirmed.*